OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs.
In this case, plaintiffs failed to comply with an order of the trial court to answer interrogatories within 30 days of the entry of its order. In response to plaintiffs’ noncompliance, defendants sought an order vacating plaintiffs’ note of issue and certificate of readiness, and an order imposing sanctions for neglecting to comply with the prior disclosure order. Special Term dismissed plaintiffs’ cause of action, but did not indicate whether its order was on the merits. Plaintiffs subsequently commenced a second action alleging causes of action identical to the first action. The second action was met with defendants’ motion to dismiss based, inter alia, upon the doctrine of res judicata. Special Term denied the motion to dismiss. The Appellate Division reversed this judgment and granted defendant’s motion to dismiss, holding the second claim to be precluded. Where, as here, a dismissal of a cause of action occurs prior to the close of proponent’s evidence, the dismissal will not be deemed on the merits so as to preclude the commencement of a second action. (CPLR 5013.) This is not a case such as Strange v Montefiore Hosp. & Med. Center (59 NY2d 737) where plaintiff’s second action constituted an attempt to circumvent an order of preclusion or summary judgment, the function of which is to effectively foreclose proponent’s offer of proof. (See also, Barrett v Kasco Constr. Co., 56 NY2d 830.) Where a plaintiff’s noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of *616 preclusion or summary judgment in favor of defendant so as to effectively close plaintiff’s proof, dismissal resulting from the noncompliance is not a merits determination so as to bar commencement of a second action.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and defendants’ motion to dismiss the complaint denied in a memorandum.